IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY<br>a/s/o SALVATORE TESTA<br>2775 Sanders Road<br>Northbrook, IL 60062<br><br>       Plaintiff(s),<br>v.<br><br>QVC, INC.<br>1200 Wilson Drive<br>West Chester, PA 19380<br><br>       Defendant(s) | Civil Action No:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Allstate Insurance Company a/s/o Salvatore Testa (hereinafter "Plaintiff"), by and through its attorneys, deLuca Levine, LLC, hereby demands judgment against the above-names defendant, and states by way of Complaint against them, as follows:

## PARTIES

1. Allstate Insurance Company ("Allstate" or "Plaintiff"), at all times relevant hereto, is and was an Illinois corporation with its principal place of business at the above-referenced address.

2. At all times relevant hereto, Allstate provided homeowners insurance for the residential property located at 847 North 21st Street, Philadelphia, Pennsylvania (hereinafter "subject property").

3. At all times relevant hereto, Defendant QVC, Inc. (hereinafter "QVC") was, upon belief and information, a Delaware corporation with its primary place of business at the above-captioned address.

4. Upon information and belief, QVC is in the business of, *inter alia*, selling, distributing, marketing, assembling and/or delivering domestic appliances such as the subject Amcor Portable Air Conditioner (Model# AF11000E).

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

8. On July 17, 2014, a fire occurred at the subject property, causing extensive damage to real and personal property, as well as the imposition of additional expenses and hardship besides.

9. The fire was directly and proximately caused by a defect and/or malfunction of the above-mentioned portable air conditioner as is further and more fully described below.

## COUNT I – NEGLIGENCE – QVC, INC.

10. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

11. QVC owed a duty of reasonable care to Plaintiff, and Plaintiff relied upon QVC, in regard to the sale, distribution, marketing, inspection, and installation of their products, including the above-referenced portable air conditioner.

12. The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of QVC, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to market, sell, assemble, deliver and distribute a properly functioning portable air conditioner;

        ii. failing to properly inspect, manufacture, distribute and/or test the portable air conditioner;

        iii. failing to properly determine that the portable air conditioner was not in compliance with applicable standards and/or

        iv. marketing, distributing, delivering, assembling and/or selling the portable air conditioner when QVC knew or should have known that the portable air conditioner would be unsafe for the reasons for which it was purchased.

    b. failing to adequately instruct and supervise its employees (etc., as above) so as to avoid the problems set forth in subparagraph (a) above;

    c. failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

    d. failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in subparagraph (a) above;

    e. failing to perform the services set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards;

    f. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action; and/or

    g. otherwise acting negligently under the circumstances.

13. As a direct and proximate result of QVC's aforementioned actions, and/or omissions, Plaintiff suffered damages in the amount of $180,110.51,

WHEREFORE, Plaintiff respectfully requests judgment against QVC, Inc., in an amount of $180,110.51 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES – QVC

14. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

15. In conjunction with the sale, distribution, marketing, assembly, inspection, and installation of the portable air conditioner, QVC expressly and/or impliedly warranted that the portable air conditioner would be free from defects and safe to use for its intended purpose. Plaintiff relied upon the warranties put forth by QVC.

16. Based upon the aforementioned careless and negligent conduct on the part of QVC as set forth in Count I, QVC has breached these warranties.

17. Furthermore, based upon the fact that that the portable air conditioner was not free of defects, was not of merchantable quality, and was not fit for the purposes for which intended, QVC breached the aforementioned warranties.

18. Plaintiff had and has performed all conditions precedent to recover based upon such breaches.

19. Plaintiff's damages, as described above, occurred as a direct and proximate result of QVC' breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.§2-315 and §2-314(c), and as a result of QVC's breach of its expressed and implied warranties in violation of 13 Pa.C.S.A. §2-313, as well as the express and implied warranties set out in the warranties included at the time the portable air conditioner was purchased, and/or any time prior or subsequent thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment against QVC, Inc., in an amount of $180,110.51, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – STRICT LIABILITY – QVC

20. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

21. QVC is engaged, and at all times relevant hereto was engaged, in the business of marketing, selling, assembling, delivering and distributing portable air conditioners, and, specifically, assembled, marketed and sold the Amcor-brand portable air conditioner at issue in this case (described above).

22. QVC distributed, assembled, marketed, assembled, delivered and/or sold the portable air conditioner in a defective condition, unreasonably dangerous to Plaintiff.

23. QVC knew or should have known that the portable air conditioner would, and did, reach the Plaintiff without substantial change in the condition in which originally selected and sold.

24. The aforementioned defects consisted of:

   a. design defects;
   b. manufacturing defects;
   c. component defects;
   d. use-instruction and/or warnings defects; and/or
   e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

25. For these reasons, QVC is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts, and the applicable law of the Commonwealth of Pennsylvania.

26. As a direct and proximate result of the aforementioned defects, Plaintiff sustained and incurred damages in an amount of $180,110.51, along with the imposition of additional expenses and hardship besides.

**WHEREFORE**, Plaintiff respectfully requests judgment against QVC, Inc., in an amount of $180,110.51, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

                                    de LUCA LEVINE, LLC

BY: *Joseph L. McGlynn*
       JOSEPH L. MCGLYNN, ESQUIRE
       Pennsylvania Identification #201181
       **RAYMOND E. MACK, ESQUIRE**
       Pennsylvania Identification #91815
       Three Valley Square, Suite 220
       Blue Bell, PA 19422
       215-383-0081
       215-383-0082 (fax)
       jmcglynn@delucalevine.com
       rmack@delucalevine.com
       Attorneys for Plaintiffs

Date: November 16, 2015